The Honorable V.O. "Butch" Calhoun State Representative P.O. Box 7 Des Arc, Arkansas 72040-0007
Dear Representative Calhoun:
This is in response to your request for an opinion concerning Act 1000 of 1993. Specifically, you ask whether towing services provided in connection with the repossession of an automobile constitute "non-consent" towing for purposes of Act 1000 of 1993.
It is my opinion that the answer to your question is "no," unless the vehicle to be repossessed is "unattended" or "abandoned" or is disabled or inoperative.
You have not indicated the context of your question. That is, you have not indicated any particular area of concern which would turn upon whether the towing of repossessed vehicles is, or is not, classified as "non-consent" towing. As such, I can only answer your question generally with reference to the definitions given in the Act, and cannot opine on any particular application of Act 1000 to such towing.
Act 1000 of 1993 in entitled:
 AN ACT TO PROVIDE FOR THE REMOVAL OF UNATTENDED AND ABANDONED VEHICLES; TO PROTECT OWNER PREFERENCE OF TOWING SERVICES; TO PROVIDE FOR LICENSING REQUIREMENTS OF TOW OPERATIONS; TO PROVIDE FOR POSSESSORY LIENS ON TOWED VEHICLES; TO PROVIDE PENALTIES FOR VIOLATIONS; TO PROVIDE ADMINISTRATIVE PROCEDURES FOR THE ARKANSAS TOWING AND RECOVERY BOARD; AND FOR OTHER PURPOSES.
"Non-consent" towing is defined in the Act as meaning "towing, storage and/or recovery of any unattended or abandoned vehicle as defined in this act, or any disabled or inoperative vehicle for which the owner preference is waived by the owner or person in charge thereof." An "unattended" vehicle is one "left on public property without the consent of an authority in charge of such property, or on or near a public way without some person, gratuitous bailee or bailee for hire in possession of such vehicle. . . ." An "abandoned" vehicle is one deemed to be unattended, and is one (A) "as to which the owner has overtly manifested some intention not to retake possession; or (B) which remains unattended, whether in its first-found location or in another location to which it has been removed pursuant to this act, for a period of thirty (30) days during which period the owner has given no evidence of an intent to retake possession."
"Non-consent" towing, therefore, includes the towing of unattended or abandoned vehicles, as those terms are defined in the act. It also includes the towing of disabled or inoperative vehicles for which the "owner preference" (the right of the owner to chose a towing firm) has been waived. Unless the vehicle to be repossessed fits into one of these categories, the towing service provided in connection with the repossession does not fall within the definition of "non-consent" under the act.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh